IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JAMES S. GIARDINA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>WIRELAWYER, INC., a Delaware corporation,<br><br>        Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff James S. Giardina ("Plaintiff") brings this Class Action Complaint against Defendant wireLawyer, Inc. ("wireLawyer"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### I. NATURE OF THE ACTION

1. WireLawyer offers a business-to-business marketplace where attorneys can access contracts, peer-reviewed documents, and other services. In an effort to market its products and services, wireLawyer sent unsolicited junk faxes in bulk—"fax blasts"—to unwilling recipients with deficient opt-out notices. Fax advertising shifts the cost of the marketing promotion from the marketer—the sender of the fax—to the unwilling recipient, and is expressly prohibited by the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented, authorized, desired or permitted wireLawyer to send them faxes.

3. In order to redress these injuries, Plaintiff seeks an injunction requiring wireLawyer to cease all unsolicited faxing and deficient opt-out notice activities, and an award of statutory damages to the Class members under the TCPA, together with costs and attorneys' fees.

## II. JURISDICTION AND VENUE

4. This Court has original jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because they arise under the laws of the United States. Further, this Court has diversity jurisdiction under 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a State different from wireLawyer, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

5. The Court has personal jurisdiction over wireLawyer under the Florida Long-Arm Statute, Fla. Stat. § 48.193, because wireLawyer was engaged in solicitation or service activities within Florida. This court also has personal jurisdiction over the wireLawyer because a substantial portion of the wrongdoing alleged in this Complaint took place in and/or was directed toward the State of Florida. WireLawyer, by sending junk faxes in bulk into this State soliciting business, have sufficient contacts in this State to render the exercise of jurisdiction by this Court permissible.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

## III. PARTIES

*Plaintiff*

7. Plaintiff is an individual domiciled in Hillsborough County, Florida. For purposes of 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Florida.

*Defendant*

8. WireLawyer is a corporation organized in and existing under the laws of the State of Delaware with its principal place of business in New York City County, New York. For purposes of 28 U.S.C. § 1332, wireLawyer is a citizen of the States of Delaware and New York.

### IV. FACTUAL BACKGROUND

9. On or about February 12, 2014, Plaintiff received the unsolicited fax advertisement attached as Exhibit A. Discovery may reveal the transmission of additional faxes.

10. The fax does not contain an opt-out notice, as required by § 227(b)(2)(D).

11. WireLawyer sent the fax and/or is responsible, as a matter of law, for the actions of the individuals who sent the fax.

12. The fax invites the recipient to join a "free" service.

13. However, wireLawyer's business model is a tiered subscription model with additional fees collected for actual referrals that go through the marketplace. Specifically, wireLawyer generates revenues from attorneys conducting transactions on its website.[1]

14. In fact, wireLawyer's own website states that it collects fees from members in exchange for wirePoints and based on a percentage of transactions.[2]

15. According to wireLawyer, " 'wirePoints' are 'points' that may be applied as credits toward future purchases."[3]

---

[1] Alleywatch, The Defense Never Rests – wireLayer is Disrupting How Lawyers Work (Aug. 6, 2013), http://www.alleywatch.com/2013/08/the-defense-never-rests-wirelawyer-is-disrupting-how-lawyers-work.
[2] Terms of Use, https://www.wirelawyer.com/terms (last visited Aug. 6, 2014).

16. On information and belief, wireLawyer uses the offer for a "free" service as pretext to solicit other products and services that it offers for a cost.

17. WireLawyer's products and services were advertised in the faxes, and wireLawyer derived an economic benefit from the transmission of the faxes.

18. Plaintiff had no prior relationship with wireLawyer and did not consent to the receipt of the above-referenced (or any) fax advertisements from wireLawyer.

19. On information and belief, the fax attached as Exhibit A was transmitted as part of a mass broadcasting, or "blast," of faxes.

20. There is no reasonable means by which Plaintiff and Class members can avoid receiving unsolicited and unlawful faxes.

## V. CLASS ALLEGATIONS

21. Plaintiff brings Count I, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

**Unsolicited Fax Class ("Class One")**
All individuals or entities in the United States who received one or more unsolicited facsimile advertisements from or on behalf of Defendant wireLawyer, Inc.

Excluded from Class One are: wireLawyer and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class One; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

22. Plaintiff brings Count II, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

---

[3] *Id.*

**Opt-out Notice Class ("Class Two")**
All individuals or entities in the United States who received one or more facsimile advertisements from or on behalf of Defendant wireLawyer, Inc. with opt-out notices that do not comply with 47 U.S.C. § 227(b)(2)(D).

Excluded from Class Two are: wireLawyer and its subsidiaries and affiliates; all persons who make a timely election to be excluded from Class Two; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

23. "Class members" or "the Class" refer to both Class One and Class Two, unless otherwise stated.

24. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

25. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers and recipients who have been damaged by wireLawyer's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from wireLawyer's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

26. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

    a. whether wireLawyer engaged in a pattern of sending unsolicited fax advertisements as alleged herein;

    b. the manner in which wireLawyer compiled or obtained its list of fax numbers;

    c. whether wireLawyer violated the TCPA;

    d. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

    e. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of wireLawyer's conduct; and

    f. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

27. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

28. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members it seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by the Plaintiff and his counsel.

29. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** WireLawyer has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

30. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against wireLawyer, so it would be impracticable for Class members to individually seek redress for wireLawyer's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

### V. CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On Behalf of Class One)

31. Plaintiff incorporates by reference paragraphs 1-30 as if fully set forth herein.

32. WireLawyer and/or its agents used a telephone facsimile machine, computer or other device to send unsolicited advertisements to a telephone facsimile machine, in violation of the TCPA, 47 U.S.C. §227(b)(1)(C).

33. On information and belief, these unsolicited advertisements were transmitted *en masse* without the prior express consent of Plaintiff and Class One.

34. As a result of wireLawyer's unlawful conduct, Plaintiff and Class One suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such a violation, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

### COUNT II
### Insufficient Opt-out Notice in Violation of the TCPA, 47 U.S.C. § 227(b)(2)(D)

**(On Behalf of Class Two)**

35. Plaintiff incorporates by reference paragraphs 1-30 as if fully set forth herein.

36. wireLawyer's fax fails to satisfy all of the opt-out notice requirements under § 227(b)(2)(D). Because there is no notice *at all*, a notice does not:

   a. appear clearly and conspicuously on the first page of the fax, as required by § 227(b)(2)(D)(i);

   b. state that the recipient may submit a request to opt-out of receiving future faxes, as required by § 277(b)(2)(D)(ii);

   c. state that the sender's failure to comply with an opt-out request within the shortest time reasonable is unlawful, as required by § 227(b)(2)(D)(ii);

   d. set forth the elements of a valid opt-out request, as required by § 227(b)(2)(D)(iii);

   e. include a domestic telephone and fax number for the recipient to submit an opt-out request, as required by § 227(b)(2)(D)(iv)(I);

   f. include a cost-free mechanism to transmit the request, as required by § 227(b)(2)(D)(iv)(II); and

   g. comply with the technical requirements of § 227(d), as required by § 227(b)(2)(D)(vi).

37. As a result of wireLawyer's unlawful conduct, Plaintiff and Class Two suffered actual damages and, under Section 227(b)(3), are entitled to recover for actual monetary loss from such violations, or to receive at least $500 in damages for each such violation, whichever is greater, or both such actions.

## VI.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff James S. Giardina, individually and on behalf of the Class,

requests that the Court enter an Order as follows:

    A.    Certifying the Class as defined above, appointing Plaintiff James S. Giardina as the representative of the Class, and appointing his counsel as Class Counsel;

    B.    Awarding actual and statutory damages;

    C.    Enjoining Defendant wireLawyer, Inc. from sending unsolicited facsimile advertisements with deficient opt-out notices;

    D.    Awarding of reasonable attorneys' fees and costs; and

    E.    Awarding such other and further relief that the Court deems reasonable and just.

Dated: August 12, 2014

Respectfully submitted,

JAMES S. GIARDINA, individually and on behalf of all others similarly situated

By: _s/_ _____
One of the Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut*
jsiprut@siprut.com
Ismael T. Salam*
isalam@siprut.com
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.214.1260

* *Pro hac vice* application forthcoming

Scott D. Owens
scott@scottdowens.com
**LAW OFFICE OF SCOTT D. OWENS, ESQ.**
633 East Hallandale Beach Blvd.
Hallandale, Florida 33009
877.332.8352
Fax: 954.337.0666

4835-1410-2556, v. 2

# EXHIBIT A

# wireLawyer

1 Little West 12th St, Fl 3
New York, NY 10014
February 10, 2014
http://www.wirelawyer.com/join

To: James S. Giardina
Fax: (866) 535-7199

Dear James, As an attorney, I've experienced all your pain points: noisy client leads, expensive marketing costs, and sites that offer little ROI and a lot of consumer rage. So, we at wireLawyer have curated a list of some of the top legal practitioners in the country and built an exclusive platform only for lawyers. As CEO of wireLawyer, I would personally like to invite you, James, to join our network--exclusively for lawyers. As a beta user, the service is free. In return, we ask that you provide us with feedback so we can better service your legal needs. Join wireLawyer and build your professional network. It's free and will take less than a minute:
http://www.wirelawyer.com/join

                                       All the best!
                                       Matt

                                       Matthew Tollin | ceo | wireLawyer