**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES S. GIARDINA, individually and on behalf of all others similarly situated,

Plaintiff,

vs. CASE NO. 8:14-CIV-1980-T-EAK-TBM

WIRELAWYER, INC., a Delaware corporation,

Defendant.
_________________________________/

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff's motion for default judgment (Doc. 14) and the Plaintiff's statements and assertions to "prove-up on damages and fees and costs and on the motion to certify class (Doc. 4). The Plaintiff certified that the Defendant had been served a copy of the motion for default judgment but no response has been filed to the motion.

The Plaintiff seeks default judgment against Defendant wireLawyer, Inc. in favor of Plaintiff in the amount of $1,500.00 in statutory damages and further seeks $12,058.50 in attorney's fees to Siprut PC, $18,225.00 in attorney's fees to Scott D. Owens, Esq., $32.15 in costs of suit to Siprut PC, and $535.00 in costs of suit to Scott D. Owens, Esq., for a total of $32,350.65.

The Court finds the motion completely inadequate to grant the amount of money the

Plaintiff is requesting for either the statutory damages and or for the attorney fees and costs.  The motion contains nothing but conclusory statements of fact and law, for instance the Plaintiff seeks treble damages for a willful violation of the statute but fails to prove in any way that the violation was willful.  The complaint is deficient also in setting out any facts to support treble damages.  The most the Plaintiff has shown he is entitled to is $500.00 for one violation of the statute.

As to the attorney fees, the Court finds the amounts requested completely out of line for the amount of work which the face of this record would highlight and the Plaintiff has failed to file any time sheets or other records justifying such a recovery of fees.  As to the costs, they are not outlined as to what the costs were, so it is not possible to even determine if they are even allowable to the Plaintiff.  The Court, therefore, will enter default judgment for $500.00 to the Plaintiff in statutory damages and enjoin the Defendant from further transmitting unsolicited facsimile advertisements into the State of Florida to Plaintiff James S. Giardina.  As to the fees and costs, the costs are denied for failure to establish any entitlement to them[1].  The Court finds that fees may not be granted at this time, as the record is insufficient to determine a proper amount of fees.  The Plaintiff may refile a properly supported motion for fees within thirty days of the date of this order.  The Court does note that the motion to certify class is moot at this time.  Accordingly, it is

---

[1] The proper way to move for costs is to file a AO-0133 form setting out the costs requested.

 **ORDERED** that the motion for default judgment (Doc. 14) be **granted in part** and denied in part as set out in this order and the motion to certify class (Doc. 4) be **denied** as moot. The Clerk of Court is directed to enter default judgment for the Plaintiff James S. Giardina in the amount of $500.00 statutory damages and the defendant is enjoined from further transmitting unsolicited facsimile advertisements into the State of Florida to Plaintiff James S. Giardina. The Clerk of Court is directed to close this case.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 5th day of December, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record